FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN SCOTT DEPETRO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-CV-000398-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 16, 20. Mr. DePetro brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. DePetro's Motion for Summary Judgment.

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Mr. DePetro filed his application for Supplemental Security Income on November 4, 2010. AR 275-80. His alleged onset date in his application is September 3, 2010. AR 275. Mr. DePetro's application was initially denied on December 29, 2010, AR 177-80, and on reconsideration on April 28, 2011, AR 187-90. A hearing with Administrative Law Judge ("ALJ") R.J. Payne occurred on January 6, 2013. AR 38-67. On October 12, 2010, the ALJ issued a decision finding Mr. DePetro ineligible for disability benefits. AR 140-58. The Appeals Council ordered remand on July 24, 2014. AR 159-63. In its decision, the Appeals Council noted: "[T]he decision does not contain evidence from a vocational expert to determine the erosion on the claimant's occupational base, which is needed in cases involving a severe mental impairment." AR 160.

On remand, ALJ Moira Ausems held a hearing on February 3, 2015. AR 68-114. ALJ Ausems issued a decision on April 14, 2015, finding Mr. DePetro ineligible for disability benefits. AR 20-33. Because the Appeals Council did not assume jurisdiction, the decision of the ALJ became final, *see* 20 C.F.R. § 404.984(d), and Mr. DePetro filed his current Complaint in District Court on November 9, 2016, pursuant to 42 U.S.C. § 405(g). ECF No. 3.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in

substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) &

416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining

whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

//

//

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Mr. DePetro was 49 years old at the time of filing. AR 275. He has at least a high school education. AR 49. Mr. DePetro has some history of temporary work, but none of it rises to relevant work status. AR 32, 50. He last worked in 1999. AR 50.

## V. The ALJ's Findings

The ALJ determined that Mr. DePetro was not under a disability within the meaning of the Act since November 4, 2010, the date his application was filed. AR 20-33.

**At step one**, the ALJ found that Mr. DePetro had not engaged in substantial gainful activity since November 4, 2010 (citing 20 C.F.R. §§ 416.971 et seq.). AR 23.

**At step two**, the ALJ found Mr. DePetro had the following severe impairments: history of hepatits C, status post interferon treatment; status post excision of left tibial schwannoma mass and resection of left peronseal nerve with residual neuralgia; bipolar disorder; depressive disorder; generalized anxiety disorder; antisocial personality disorder; and borderline personality disorder (citing 20 C.F.R. § 416.920(c)). AR 23-25.

At **step three**, the ALJ found that Mr. DePetro did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 25-27.

At **step four**, the ALJ found Mr. DePetro had the residual functional capacity to perform light work with these limitations: he is able to lift and carry 20 pounds occasionally and 10 pound frequently; he can stand, walk, and sit each for 6 hours during an 8-hour workday with reasonable sit/stand option up for five non-contiguous minutes during an hour that would not involve leaving the workstation or the productive performance of work; he can frequently climb ramps/stairs, balance, crouch, crawl, kneel, and stoop; he cannot climb ladders, ramps,[1] and scaffolds; he cannot be exposed to unprotected heights or dangerous moving machinery; he cannot perform commercial driving; he must avoid concentrated exposure to industrial vibration; he is able to understand, remember, and carry out simple, routine, and repetitive tasks, as well as some well-learned detailed tasks that are preferably not more complex than the lower semi-skilled (SVP 3) category of work; he cannot have more than brief superficial contact with the general public; he cannot have more than occasional (one-third of the day) contact with supervisors and no cooperative teamwork endeavors with coworkers that are necessary to produce a work product; and he would need additional time (defined

---

[1] The Court notes the internal inconsistencies regarding ramp climbing, but finds any error is harmless.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

as 10% more time than the average employee) to adapt to changes in the work setting or work routine. AR 27-32.

The ALJ determined that Mr. DePetro has no past relevant work, and thus transferability of job skills is not an issue. AR 32.

**At step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines and testimony of a vocational expert, there are jobs that exist in significant numbers in the national economy that he can perform. AR 32-33. These include: production assembler, parking lot attendant, and office cleaner. AR 33.

## VI. Issues for Review

Mr. DePetro argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly discrediting Mr. DePetro's symptom claims and (2) failing to properly consider and weigh the opinion evidence, specifically the opinions of Dr. Debra Brown, Ph.D., and Dr. John Arnold, Ph.D. ECF No. 16 at 9, 12-16.[2]

---

[2] In his Reply Brief, Mr. DePetro argues that Mr. DePetro met Grid Rule 20 C.F.R. Pt. 404, Subpt. P. Appt. 2 – Rule 202.04. ECF No. 21 at 2-3. This matter was briefly discussed prior to the Issues for Review Section, ECF No. 16 at 9, and it was not discussed at all in the Argument section of the brief, ECF No. 16 at 10-17. Mr. DePetro argues that because the Commissioner did not address this, the Commissioner has conceded the argument. However, because the issue was not presented in a format that would indicate this was an issue to review or challenge, the Court finds this to be a new issue raised for the first time in his Reply Brief, which is impermissible. *See U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

## VII. Discussion

**A. The ALJ Properly Discounted Mr. DePetro's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically

determinable impairments could reasonably be expected to produce the symptoms Mr. DePetro alleges; however, the ALJ determined that Mr. DePetro's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 28.

The ALJ provided multiple reasons for discrediting Mr. DePetro's subjective complaint testimony. AR 28-29. She found that the evidentiary record does not support the degree of limitations claimed by Mr. DePetro. AR 28.

First, despite having a severe impairment of hepatitis C, the record indicates he had an undetectable viral load by December 2010 after interferon treatment. AR 360. Subsequent follow ups show Mr. DePetro was consistently doing well after treatment. AR 361-66. While Mr. DePetro testified to weakness due to his treatment, the record does not support disabling limitations but rather a pattern of improvement with regard to Mr. DePetro's hepatitis C.

Mr. DePetro also alleged problems with his left foot, including numbness, following the surgical removal of a sarcoma in his left leg, and that these problems limited his ability to stand more than one hour. AR 28. To the contrary, the ALJ pointed to chart notations from October 2011, one month after surgery, that demonstrate Mr. DePetro's extremities showed normal and full range of motion in all joints. AR 461. He was found to be neurovacularly intact at a follow up in December 2011. AR 464. Again, his range of motion was within normal limits. *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). These records support the ALJ's finding that Mr. DePetro's subjective symptom testimony regarding his leg is not as severe as alleged.

Likewise, the record supports the ALJ's findings that Mr. DePetro's limitations related to his mental impairments are not as severe as alleged. AR 29. For example, his bipolar disorder was described as "very stable" in January 2011. AR 364. During this visit, he was described as not anxious and negative for anhedonia or suicidal ideation. *Id.* He continued to exhibit general stability with regard to his mental impairments through June to September 2011, AR 376, 380, 435, and January 2012, AR 385. The record substantially supports the ALJ's conclusions regarding Mr. DePetro's subjective mental impairment testimony.

**B. The ALJ properly weighed the medical opinion evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those

who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b.  Dr. Debra Brown, Ph.D.

Dr. Brown provided a Washington Department of Social and Health Services ("DSHS") psychological evaluation on September 24, 2009. AR 405-11. She noted marked limitations in the ability to respond appropriately to and tolerate

the pressures and expectations of a normal work setting and in the ability to maintain appropriate behavior in a work setting. AR 410.

The ALJ discounted Dr. Brown's opinion because of a lack of longitudinal perspective by the provider. AR 30. The ALJ referenced that Dr. Brown stated Mr. DePetro had "been seen at Brown & Associates by various providers since 2009." AR 405. The ALJ gave some limited weight to Dr. Brown's opinion that Mr. DePetro had "some cognitive and social limitations," but not to the extent that they were disabling. AR 30.

While Dr. Brown acknowledged that Mr. DePetro had been seen by her practice, there is no evidence that she has ever personally treated Mr. DePetro prior to preparing the evaluation. The record is void of evidence of treatment by Brown & Associates, other than Dr. Brown's assertion that he had been seen since 2009. The ALJ need not accept medical opinions that are unsupported by objective medical evidence, such as clinical notes. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Additionally, because Mr. DePetro was seen by multiple providers, there is no single professional that was able to provide a comprehensive analysis of Mr. DePetro's mental impairments, and the record does not suggest that Dr. Brown viewed records from other providers. At best, Dr. Brown can piece together through records available to her and subjective testimony, and this is contradicted

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

by more reliable review. For example, while Dr. Brown diagnoses PTSD based on the record, Dr. Donna Veraldi, Ph.D., the impartial medical expert and, more importantly, the only doctor to review the entire record testified that "historically there were references to PTSD without enough symptoms to justify that diagnosis." AR 78-79. This is supported by the record. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999).

For the reasons stated, particularly because of the lack of objective medical evidence to support the opinion, the Court does not find error with the ALJ's treatment of Dr. Brown's opinion.

### c. Dr. John Arnold, Ph.D.

Dr. Arnold also completed a DSHS evaluation on November 5, 2010. AR 413-19. Dr. Arnold found marked limitations in Mr. DePetro's ability to function within a work setting. AR 415. In this evaluation, he referred to borderline intellectual functioning as "rule out" diagnosis. AR 414.

The only record that Dr. Arnold reviewed was the DSHS form from Dr. Brown previously detailed. AR 413. Thus, much of Dr. Arnold's findings are based on Dr. Brown's findings, which the Court noted above were properly discounted by the ALJ. *See supra* at 13-15. Moreover, none of Dr. Arnold's findings were supported by objective medical findings. *See Bayliss,* 427 F.3d at

1216 (ALJ does not need to accept opinion that is unsupported by objective medical evidence). The ALJ reasoned that absent objective findings, the opinion was based on subjective testimony, which the ALJ has properly found to be unreliable. *See supra* at pp. 9-12; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible).

Dr. Arnold completed a second DSHS form on November 4, 2011. AR 421-26. On this form, he diagnosed borderline intellectual functioning "per Magnolia," which is again unsupported by medical evidence. *See Bayliss*, 427 F.3d at 1216. The ALJ properly discounted this opinion again for the lack of objective findings and the reliance on subjective testimony.

Finally, Dr. Arnold provided a third DSHS form on October 28, 2013. AR 489-492. On this form, the findings in Mr. DePetro's mental status examination contradict Dr. Arnold's opinions. Mr. DePetro's thought process and content, orientation, perception, concentration, abstract thoughts, insight, and judgments were all within normal limits. AR 491. He was also described as cooperative and congenial. *Id.* A discrepancy between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion. *Bayliss*, 427 F.3d at 1216.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

Moreover, the Court notes that the ALJ did include significant limitations in the residual functional capacity regarding interaction with others on the job. AR 27. The ALJ based these on the opinions of multiple doctors whose opinions Mr. DePetro does not allege were given improper weight. AR 29-32.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 20,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 22nd day of February, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**